# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3432 | **DATE** | 10/7/2002 |
| **CASE TITLE** | Tate vs. Showboat Marina | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Defendant's Motion to Strike the Consents to Join Suit is granted in part and denied in part. The motion to strike is granted with respect to Kurt Meyer, Carol Meyer, Melinda Gonzalez, John Torres, William Torres, Dennis Ballor, Tyrone Glover, Bonnie Kramer, Dwyen Ringbauer, Diane Rosenfeldt, Paul Johnson, Kelly Moore, Nicholas Galmiche, Robert Reilly, Loretta Kornacki, John Benjamin and Michael Irk. The motion is denied with respect to plaintiffs Glen Tate and Beverly Cleary.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | OCT 08 2002 | | 40 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | CV | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 10/7/2002 | | |
| TH✓ | courtroom deputy's initials | 02 OCT -7 PM 2:37 | date mailed notice TH | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLEN TATE, et al., )
)
    Plaintiffs, )  No. 02 C 3432
)
v. )  Honorable Amy J. St. Eve
)
SHOWBOAT MARINA CASINO )
PARTNERSHIP, et al., )
)
    Defendants. )

**DOCKETED**

**OCT 0 8 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiffs have sued defendants in a collective action to recover alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants Showboat Marina Casino Partnership and Harrah's Operating Company have moved to strike the consents to join suit of various purported plaintiffs.[1] (R. 33-1.) Defendants contend that because the Proposed Plaintiffs have not filed individual signed consents to join the lawsuit, they have failed to comply with the requirements of 29 U.S.C. § 216(b). For the reasons stated below, Defendant's motion is denied with respect to Glen Tate and Beverly Cleary, and the motion is granted with respect to the remaining Proposed Plaintiffs.

---

[1] The employees that are the subject of Defendants' motion to strike include Glen Tate, Kurt Meyer, Carol Meyer, Melinda Gonzalez, John Torres, William Torres, Dennis Ballor, Tyrone Glover, Bonnie Kramer, Dwyen Ringbauer, Diane Rosenfeldt, Paul Johnson, Kelly Moore, Nicholas Galmiche, Robert Reilly, Loretta Kornacki, John Benjamin, Michael Irk, and Beverly Cleary (collectively, the "Proposed Plaintiffs").

1



The requirements for a representative or collective action under the FLSA are set forth in 29 U.S.C. § 216(b). Section 216(b) provides:

> An action to recover the liability . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The statute mandates that an individual must "opt in" to the representative action by (1) giving written consent and (2) filing that consent with the court. *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 441 (D.C. Ill. 1982). Thus, unless an employee opts in, he does not become part of the action. In contrast, Fed.R.Civ.P. 23 authorizes a class action upon court certification of a class until class members opt out of the class. *Gordon v. Trace Ambulance*, 2001 WL 587854 (N.D.Ill. Feb. 23, 2001) at *1 ("[W]hereas Rule 23 authorizes a class action upon the certification of a class until presumptive class members opt out, § 16(b) bars the maintenance of a class action unless and until individuals affirmatively opt in."). The lone exception to this requirement is for the named plaintiff, who need not file a separate signed consent to join the lawsuit that he himself filed. *Id.*

In this case, the Defendants have moved to strike the Proposed Plaintiffs because they have not filed signed consents to join the lawsuit. Contrary to the Defendants' suggestion, Beverly Cleary did file a signed consent to join the lawsuit on August 29, 2002. (R. 21-1.) In addition, as discussed above, the named plaintiff Glen Tate need not file a signed consent to join the lawsuit. *See Gordon*, 2001 WL 587854 at *1. As of October 5, 2002, however, the remaining Proposed Plaintiffs have failed to file signed consents to join the lawsuit. Instead,

Plaintiff has filed a pleading purporting to list the individuals who have consented to join the lawsuit. This pleading fails to comply with plain language of Section 216(b). *See Kulik v. Superior Pipe Specialties Co.*, 203 F.Supp. 938, 941 (D.C. Ill. 1962) (typed form with plaintiffs' names does not satisfy the written consent requirement under Section 216(b)).

Contrary to the Proposed Plaintiffs' suggestion, *Anderson v. Montgomery Ward*, 852 F.2d 1008 (7th Cir. 1988), does not provide otherwise. In *Anderson*, the Seventh Circuit addressed the filing of written consents in the context of the Age Discrimination in Employment Act ("ADEA"). Analogizing ADEA actions to Title VII actions, the Seventh Circuit held that plaintiffs who have not filed a timely ADEA complaint for wrongful termination can still become part of a case by relying on a timely filed charge by another plaintiff. *Anderson*, 852 F.2d at 1017-1018. The Seventh Circuit further held that the plaintiffs did not have to file written consents with the district court to participate in the representative action. *Id.* at 1018.

The Seventh Circuit's holding in *Anderson* pertains to ADEA actions. Significantly, the *Anderson* plaintiffs did not assert an unpaid overtime wages claim or a violation of the FLSA. The Seventh Circuit noted that "[i]n enacting ADEA, Congress borrowed from two rather different statutory schemes - the FLSA and Title VII." *Id.* at 1014. Thus, the Seventh Circuit concluded that Title VII's -- not the FLSA's -- procedural requirements relating to written consents applied in that case. *Id.* at 1015-19. *Anderson*, therefore, does not excuse the Proposed Plaintiffs' failure to file individual signed consents to join the lawsuit. *See Harkins v. Riverboat Services, Inc.*, No. 99 C 123, slip. op. (N.D. Ill. May 17, 2002) (the *Anderson* rule is inapplicable in a FLSA action seeking payment for overtime wages).

Because most of the Proposed Plaintiffs have failed to sign and file the required consents as mandated under 19 U.S.C. § 216(b), the Court grants in part Defendants' motion to strike.

The motion to strike is granted with respect to Kurt Meyer, Carol Meyer, Melinda Gonzalez, John Torres, William Torres, Dennis Ballor, Tyrone Glover, Bonnie Kramer, Dwyen Ringbauer, Diane Rosenfeldt, Paul Johnson, Kelly Moore, Nicholas Galmiche, Robert Reilly, Loretta Kornacki, John Benjamin, and Michael Irk. The motion is denied with respect to the name plaintiff Glen Tate and with respect to Beverly Cleary.

Dated: October 7, 2002

AMY J. ST. EVE
U.S. District Court Judge