Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3432 | **DATE** | 3/13/2003 |
| **CASE TITLE** | Glen Tate, et al vs. Showboat Marina Casino Partnership, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at_____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendants' motions to strike, to dismiss and for protective order (R. 129-1) are granted and the Harkins Plaintiffs' claims are dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 14 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 182 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH ✓ | courtroom deputy's initials | 03 MAR 13 PM 4:15 U.S. DISTRICT COURT CLERK | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GLEN TATE, et al.,  )
 )
        Plaintiffs,  )
 )
v.  )  No. 02 C 3432
 )
SHOWBOAT MARINA CASINO  )
PARTNERSHIP, et al.,  )
 )
        Defendants.  )

DOCKETED
MAR 14 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge

Plaintiffs have sued defendants in a collective action to recover alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendants Showboat Marina Casino Partnership and Harrah's Operating Company have filed a motion to strike consents to join the lawsuit filed by purported plaintiffs John Harkins, Peter Stofcik, Jr., Wallie Del Toro, Ofelia Cueva, Ray Guistolisi, Michael Metevia, Daniel O'Brien, Louis Kelley, Darrin Benton, Dennis Arnold, Robert Wiliamson and Tammie Jablonski (hereinafter the "Harkins Plaintiffs"). In addition, Defendants have also filed a motion to dismiss the Harkins Plaintiffs as well as a motion for protective order barring discovery by the Harkins Plaintiffs.

## BACKGROUND

The Harkins Plaintiffs were all plaintiffs in a separate FLSA action previously filed against Showboat Marina Casino Partnership and Harrah's Operating Company. On May 16, 2002, Judge Hibbler granted the defendants' motion for partial summary judgment on the Harkins' Plaintiffs claims on statute of limitations grounds. *See Harkins v. Riverboat Servs.,*



*Inc.*, No. 99 C 123, 2002 U.S. Dist. LEXIS 19637 (N.D. Ill. May 16, 2002). The Harkins Plaintiffs filed a motion for reconsideration of this ruling, which Judge Hibbler denied on June 10, 2002. The Harkins Plaintiffs appealed the partial summary judgment ruling but later voluntarily dismissed their appeal. On August 29, 2002, the Harkins Plaintiffs filed a renewed motion for reconsideration, which Judge Hibbler again denied on December 31, 2002. Now, the Harkins Plaintiffs have filed purported consents to join the instant action.

## ANALYSIS

Defendants contend that the Harkins Plaintiffs' claims are barred by res judicata (also referred to as claim preclusion) and collateral estoppel (also referred to as issue preclusion). For res judicata to apply, three requirements must be met: (1) an identity of the parties; (2) an identity of the causes of actions; and (3) a final judgment on the merits. *See Matter of Energy Co-op., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987). There is no dispute that the first two elements are satisfied here. The Harkins Plaintiffs argue, however, that Judge Hibbler's partial summary judgment order is not yet final under Federal of Civil Procedure 54(b) because the order did not resolve the entire case. Although the Harkins Plaintiffs may be correct that Judge Hibbler's partial summary judgment order is not yet final for purposes of appellate review, it does not necessarily follow that the order cannot serve as the basis for res judicata.

In *Alexander v. Chicago Park District*, for example, the Seventh Circuit upheld the dismissal of certain counts on the basis of res judicata even though the order was not appealable under Rule 54(b). 773 F.2d 850 (7th Cir. 1985). In its first decision, the district court granted summary judgment on two counts and partial summary judgment on two other counts. *Id.* at 852-53. In a later decision, the district court dismissed, on the basis of res judicata, similar counts raised in an amended complaint. *Id.* at 853. The Seventh Circuit upheld this aspect of the

district court's ruling, reasoning that the first order "was sufficiently final for res judicata purposes" even though the did not technically comply with Rule 54(b). *Id.* at 855. *See also Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.*, 459 F.Supp. 859, 865 n.7 (N.D. Ill. 1978) (prior decision dismissing certain counts was not final for purposes of appeal but was final for purposes of res judicata); *Equal Employment Opportunity Com'n v. Harris Chernin, Inc.*, 10 F.3d 1286, 1290 n.5 (7th Cir. 1993) (noting "the tension" between *Alexander* and other Seventh Circuit cases but acknowledging that *Alexander* remains good law).

This Court concludes that under *Alexander*, which remains the law in this Circuit, Judge Hibbler's partial summary judgment order is sufficiently final for purposes of res judicata. The Court notes that a hypertechnical interpretation of the finality requirement in this case would not serve the policy behind the rule. *See Clausen Co. v. Dynatron/Bondo Corp.*, 889 F.2d 459, 466 (3rd Cir. 1989) (noting that the finality requirement recognizes that non-final orders are subject to revision). There is little chance that Judge Hibbler's partial summary judgment order will be subject to revision because that order is a careful, well-reasoned opinion, Judge Hibbler has twice refused the Harkins Plaintiffs' requests for reconsideration, and the *Harkins* case is now ready for trial. Moreover, res judicata seems particularly relevant here where the Harkins Plaintiffs have launched what amounts to a collateral attack on Judge Hibbler's partial summary judgment order. *See Hudson v. Hedge*, 27 F.3d 274, 276 (7th Cir. 1994) (holding that a plaintiff "cannot use a new suit to contend that the disposition of the first was mistaken").

The issue of the requisite finality for res judicata is somewhat academic in this case, however, because it is clear that even if res judicata does not apply the Harkins Plaintiffs' claims are barred by collateral estoppel. For collateral estoppel to apply, four requirements must be met: (1) the issue that one party seeks to preclude must be identical to an issue involved in the

3

prior action; (2) the issue must have been actually litigated in the prior action; (3) determination of the issue must have been essential to the final judgment in the prior action; and (4) the party precluded from relitigating the issue must have been represented in the prior action. *See Chicago Truck Drivers v. Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997).

All four elements are satisfied here. First, the issue whether the Harkins Plaintiffs' FLSA claims are barred by the statute of limitations is the same in both cases. Second, the statute of limitations issue was actually litigated in the case before Judge Hibbler. Third, the issue was essential to Judge Hibbler's order on partial summary judgment which is, for purposes of collateral estoppel, clearly a final order. *See Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390, 394 (7th Cir. 1986) ("'[T]he need for a final judgment [in the case as a whole] is not as compelling when the question is whether the determination of a single issue actually decided in the first action should be given conclusive effect in a later action between the parties.'") (citation omitted); *Miller Brewing Co. v. Jos. Schlitz Brewing Co.*, 605 F.2d 990, 996 (7th Cir. 1979) (holding that a relaxed concept of finality is acceptable for collateral estoppel). Finally, the Harkins Plaintiffs were represented in the prior action -- represented, in fact, by the same counsel purporting to represent them here. Thus, the Harkins Plaintiffs are barred by collateral estoppel from relitigating in this case the issue of whether their claims are barred by the statute of limitations.

## CONCLUSION

Defendants' motions to strike, to dismiss and for protective order (R. 129-1) are granted and the Harkins Plaintiffs' claims are dismissed with prejudice.

DATED: March 13, 2003                    ENTERED:

                                                               _____
                                                               AMY J. STEEVE
                                                               United States District Court Judge